UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| James Brady, as Chairman, and William Grimm, as Secretary of the Minnesota Laborers Health and Welfare Fund and Minnesota Laborers Pension Fund; James Brady, as Chairman, and Keith Kramer, as Secretary of the Minnesota Laborers Vacation Fund; Fred Chase, as Chairman, and Jeff Seipel, as Secretary of the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota; and Scott Weicht, as Chairman, and James Hegge, as Secretary of the Minnesota Laborers Employers Cooperation and Education Trust; and each of their successors, | Civil No. 04-5069 (DWF/JSM)<br><br>**MEMORANDUM OPINION AND ORDER** |
| Plaintiffs, | |
| v. | |
| Imperial Developers, Inc., | |
| Defendant. | |

---

Amy L. Court, Esq., and Pamela Hodges Nissen, Esq., McGrann Shea Anderson Carnival Straughn & Lamb, Chtd., counsel for Plaintiffs.

Loren E. Gross, Esq., counsel for Defendant.

---

### Introduction

The above-entitled matter came before the undersigned United States District Judge pursuant to Plaintiffs' Motion for Summary Judgment. Plaintiffs submitted legal memoranda and affidavits in

support of their assertion that James Osborne was an employee rather than a supervisor while working for Defendant Imperial Developers, Inc. ("Defendant"). Thus, Plaintiffs assert that Defendant should have made employee benefit contributions pursuant to a Collective Bargaining Agreement ("the Collective Bargaining Agreement" or "the Agreement") between the parties. Defendant did not submit legal memoranda in response but instead submitted a single two-page affidavit contesting Osborne's status as an employee. For the reasons outlined below, Plaintiffs' motion is granted.

## Background

On June 29, 2001, Defendant executed a Collective Bargaining Agreement between itself and the Highway, Railroad, and Heavy Construction Contractors and Laborers' District Council of Minnesota and North Dakota and its affiliated local unions. The Agreement requires Defendant to contribute every month, not later than the 15th day of the following month, sums for employee benefits as designated for each hour worked by all employees covered by the Agreement. Each payment must be submitted with a report form. The Agreement also requires Defendant to furnish its payroll records to the unions or their authorized agents to ensure proper administration of the employee benefit funds.

Defendant produced records for review and audit for the period from January 2003 to September 2004. Based on an audit of those records, Plaintiffs determined that Defendant had not made employee benefit contributions for Defendant's employee, James Osborne. Thus, Plaintiffs requested payment from Defendants for $4,977.98 in unpaid contributions and an additional 10% of that amount in liquidated damages.

Defendants refused to pay the amount requested by Plaintiffs contending that Osborne was hired in a supervisory capacity and, therefore, was not covered by the Agreement. Defendants assert

that Osborne was hired as a layout man and that he served as a crew leader. Defendants assert that Osborne's duties included: (1) placing stakes; (2) shooting grades; (3) measuring building footprints; and (4) directing the equipment operators in digging footings for the construction of buildings. Based on Defendant's refusal to pay, Plaintiffs brought this suit to collect employee benefit contributions, liquidated damages, interest on the unpaid benefit contributions, attorney fees, and associated costs.

## Discussion

### I. Motion for Summary Judgment

#### A. Standard of Review

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court must view the evidence and the inference that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enter. Bank v. Magna Bank of Missouri*, 92 F.3d 743, 747 (8th Cir. 1996). However, as the Supreme Court has stated, "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" *Celotex Corp v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enter. Bank*, 92 F.3d at 747. The nonmoving party must demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). A party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials, but must set forth

specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Krenik*, 47 F.3d at 957.

### B. Osborne's Status Under the Collective Bargaining Agreement

Plaintiffs contend that Osborne was not a supervisor. The National Labor Relations Act ("NLRA"), 29 U.S.C. §§ 151-169, defines a supervisor as:

> [A]ny individual having authority, in the interest of the employer, to hire, transfer, suspend, lay off, recall, promote, discharge, assign, reward, or discipline other employees, or responsibly to direct them, or to adjust their grievances, or effectively to recommend such action, if in connection with the foregoing the exercise of such authority is not merely routine or clerical nature, but requires the use of independent judgment.

29 U.S.C. § 152(11).

The NLRA's definition of supervisor has three components. *Beverly Enterprises-Minnesota, Inc. v. N.L.R.B.,* 266 F.3d 785, 788 (8th Cir. 2001) (citing *N.L.R.B. v. Health Care & Ret. Corp. of Am.,* 511 U.S. 571, 573-74 (1994)). First, the employee must act in the interest of the employer. *Id.* Second, the employee must have actual authority to accomplish one of the functions set out in 29 U.S.C. § 152(11). *Id.* Third, the authority must involve the use of independent judgment and must be more than routine or clerical in nature. *Id.* Thus, individuals are not necessarily supervisors even if they give minor orders or supervise the work of others. *Id.* The party that is claiming that the employee is a supervisor bears the burden of proof. *N.L.R.B. v. Kentucky River Cmty. Care, Inc.,* 532 U.S. 706, 710-11 (2001).

In this case, Defendant must establish that Osborne performed at least one of the twelve supervisory functions set out in 29 U.S.C. § 152(11). In his affidavit, Jay Hembroff, Defendant's chief

4

estimator and vice-president, asserts that Osborne "directed equipment operators in digging footings for reconstruction of buildings," "was the on-site supervisor of the crew laying out the building and digging the footing," and that "his supervisory duties were to direct the other members of the layout crew, if any, and to direct the actions of equipment operators after checking grades, placing stakes, shooting levels, etc." (Affidavit of Jay Hembroff at 2.)

Plaintiffs contend that Defendant has not met its burden of proving that Osborne was a supervisor. The Court agrees. In order for the Court to find that Osborne was a supervisor and was thus excluded from the Agreement, Defendant would need to establish that Osborne had "genuine management prerogatives" and was not merely a "straw boss" or other minor supervisory employee. *Eagle Window & Door, Inc. v. NLRB,* No. 96-2273, 96-531, 1997 WL 3609, at *1 (8th Cir. 1997 Jan. 7, 1997) (citing *Panaro & Grimes, A Partnership D/B/A Azusa Ranch Mkt.,* 321 N.L.R.B. No. 112, 1996 WL 410877, at *2 (July 19, 1996)). Courts examining this issue have looked at whether or not an individual was answerable for the discharge of a duty or obligation or accountable for the work product of those he or she directed. *See Providence Alaska Med. Ctr. v. N.L.R.B.,* 121 F.3d 548, 554 (9th Cir. 1997); *see also Meredith Corp. v. N.L.R.B.,* 679 F.2d 1332, 1336 (10th Cir. 1982).

In this case, Defendant has submitted no evidence that Osborne was anything other than a minor supervisory employee. Hembroff acknowledges in his affidavit that Osborne drove a construction vehicle and did general labor while he was working for Defendant. Hembroff also states in his affidavit that Osborne directed the other members of the layout crew but acknowledges that at various times no one was part of that layout crew except Osborne himself. In light of Defendant's failure to provide evidence, or even allegations with some evidentiary support, that Osborne was a

legitimate supervisory figure, the Court finds that Defendant has not met its burden of proof. Thus, Plaintiffs are entitled to employee benefit contributions, liquidated damages, interest on the unpaid benefit contributions, attorney fees, and associated costs per the Agreement.

For the reasons stated, **IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion for Summary Judgment (Doc. No. 13) is **GRANTED.**


Dated: June 29, 2005            s/Donovan W. Frank
                                DONOVAN W. FRANK
                                Judge of United States District Court